UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00534-FDW-DSC

| | |
|---|---|
| ERNEST KING, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REGINA THOMAS and AMAZON )<br>CORPORATION, )<br>)<br>Defendants. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on pro se Plaintiff's "Motion for Order to Show Cause, Motion for Temporary Restraining Order." (Doc. No. 2). For the reasons stated in this Order, Plaintiff's motion is DENIED.

I. BACKGROUND

Plaintiff brought this suit against Defendants Regina Thomas and Amazon Corporation on October 2, 2018. In his complaint, Plaintiff alleges that he wrote a book "From Brooklyn to the Grave" in 2008. (Doc. No. 1, p. 3). Plaintiff alleges that he was "seeing" Regina Thomas at the time, who was helping him with editing and marketing of the book. Id. According to Plaintiff, Regina Thomas later stole the manuscript from him and began working with the Amazon Corporation to sell the book. See id. Plaintiff alleges that this book was published and sold without his knowledge or agreement. Id. at 4. Plaintiff now moves for an injunction to stop Defendant Amazon Corp. from distributing the book. (Doc. No. 2, p. 1).

1

## II. LEGAL STANDARD

In deciding whether to issue an injunction, a "court must balance the hardships likely to befall the parties if the injunction is, or is not granted." Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 416–17 (4th Cir. 1999). To weigh the balance of hardships, a court must consider: 1) whether plaintiff will suffer irreparable harm if the injunction is denied, 2) the likelihood of harm to the defendant if the requested relief is granted, 3) the likelihood of plaintiff succeeding on the merits of their claim, and 4) the public interest. See id. at 417. A temporary restraining order is a type of injunction that can be issued without notice to the restrained party and is intended to "preserve the status quo only until a preliminary injunction hearing can be held." Id. at 422.

## III. DISCUSSION

From the motion, it is unclear whether Plaintiff is asking this Court for a temporary restraining order (TRO) or a preliminary injunction. There is no indication that Plaintiff has served or summonsed the Defendants. Since a preliminary injunction can only be issued "on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), the Court construes Plaintiff's motion as a Motion for a Temporary Restraining Order. See Bratcher v. Clarke, 725 Fed. App'x 203, 204 (4th Cir. 2018) (per curiam) (construing an ambiguous motion as a motion for a temporary restraining order when notice was not provided). Furthermore, Plaintiff's motion does not discuss his request for a show cause order beyond what is listed in the docket text. Thus, the only matter properly before the Court is his TRO motion.

The Court denies Plaintiff's request for a TRO. First, Plaintiff's complaint alleges that Amazon has been selling the book at issue since 2010. (Doc No. 1, p. 3). If Plaintiff prevails at trial, monetary damages would be sufficient to repair the alleged injury. Thus, there is no indication

that Plaintiff would suffer irreparable harm without an injunction. Furthermore, at this stage, the Court only has the factual allegations set forth in Plaintiff's Complaint. Based on these plead facts alone, the Court is unable to find that Plaintiff is likely to succeed on the merits of his claim. Therefore, a TRO is not proper at this time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion for Order to Show Cause, Motion for Temporary Restraining Order", (Doc. No. 2), is DENIED.

IT IS SO ORDERED.

Signed: October 18, 2018

Frank D. Whitney
Chief United States District Judge