UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00534-FDW-DSC

| | |
|---|---|
| ERNEST KING, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )     ORDER |
| AMAZON CORPORATION, | ) |
| REGINA THOMAS, | ) |
|     Defendants. | ) |

THIS MATTER is before the Court on a Motion to Dismiss by Defendant Amazon pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 19). Because Plaintiff Ernest King ("Plaintiff") appears *pro se*, the Court issued a Roseboro notice. (Doc. No. 20). Plaintiff has responded to Defendant Amazon, (Doc. No. 23), and this matter is now ripe for review. For the reasons stated below, Defendant Amazon's Motion to Dismiss is GRANTED in part and DENIED in part.

## I. BACKGROUND

This lawsuit appears to stem from a dispute over the publishing of the book, *From Brooklyn to the Grave*. At all times relevant to this suit, Plaintiff has been incarcerated. (Doc. No. 1, pp. 1–2). Plaintiff alleges that, at one point, Defendant Regina Thomas ("Thomas") and Plaintiff were in a relationship. (Doc. No. 1, p. 2). During that time, Defendant Thomas was purportedly "acting as an agent on Plaintiff's behalf in publishing his book" and editing the book, which was completed in 2008. (Doc. No. 1, pp. 2–3). According to Plaintiff, Defendant Amazon then published Plaintiff's book, *From Brooklyn to the Grave,* with the assistance of Defendant Thomas. (Doc. No. 1, p. 3). Defendant Thomas and Plaintiff separated in 2010, and Defendant Thomas allegedly

disappeared with Plaintiff's manuscript and "shortly thereafter begain [sic] to reap the benefits of sell's [sic]." (Doc. No. 1, p. 3). Plaintiff alleges that he owns the copyright to the book, and therefore, Defendant Thomas is benefiting from stolen property because she never informed Plaintiff of any book sales or "money deals" even though Plaintiff did not give Defendant Thomas "power of attorney" over his book. (Doc. No. 1, pp. 3–4).

After learning that Defendant Amazon was selling his book, Plaintiff allegedly alerted Amazon that the book was stolen, but Amazon informed Plaintiff that it would "continue to sell any remaining stock currently in their possession [and] . . . any royalties resulting from such purchases [of the book] are payable to Plaintiff's publisher." (Doc. No. 1, p. 4). Plaintiff's complaint asserts four "counts" against the Defendants: (1) "property flipping," (2) "false documentation," (3) "amount in controversy," and (4) "prayer for relief." (Doc. No. 1, pp. 5–7).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also held that "when ruling on a defendant's motion to dismiss, a judge

must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations, however, are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. ANALYSIS

Plaintiff's *pro se* complaint first asserts a claim against Defendants for "property flipping," described by Plaintiff as a "property fraud scheme[]" whereby Defendants "artificially inflated the book sales through false and fraudulent schemes." (Doc. No. 1, p. 5). Plaintiff's second claim against the Defendants is for "false documentation," described by Plaintiff as another "property fraud scheme[]" whereby Defendants engaged in a scheme understood to be "illegal and fraudulent." (Doc No. 1, p. 6). While this Court is unaware of cognizable causes of action for "property flipping" in this context or "false documentation" in any context,[1] the Court liberally construes these claims as a fraud claim against Defendant Amazon. (Doc. No. 1, p. 5).

However, Rule 9(b)(2) of the Federal Rules of Civil Procedure require a Plaintiff pleading a claim of fraud to "state with particularity the circumstances constituting fraud." "The purposes of Rule 9(b) include 'providing notice to a defendant of its alleged misconduct, of preventing frivolous suits, of eliminating fraud actions in which all the facts are learned after discovery, and

---

[1] See Franklin v. DaVita Healthcare Partners, Inc., No. 13-11329, 2014 WL 6886306 at *1, (E.D. Mich. Dec. 2014) (holding regarding a plaintiff's claim of false documentation "there is no such cause of action.").

of protecting defendants from harm to their goodwill and reputation.'" Beam Construction Company v. Allied World Specialty Insurance, Inc., No: 3:17-cv-00420-FDW, 2017 WL 5158712, at *4 (W.D.N.C. Nov. 11, 2017) (quoting United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 456 (4th Cir. 2013) (citations and internal quotation marks omitted)). To satisfy this requirement, Plaintiff's complaint must "at a minimum describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008). Here, Plaintiff only makes statements that Amazon "conceal[ed] payments creating false documentation" and "upon discovering Plaintiff's book and/or transcript was stolen property—a meeting with a federal prosecutor and investigator was required." (Doc. No. 1, pp. 5 – 6). Plaintiff does not describe what false documentations were made by Defendant Amazon, when they were made, who they were made by, or the benefit obtained by such representations. This Court finds the fraud allegations in Plaintiff's complaint insufficient because they lack particularity and are only conclusory statements. Therefore, the Court GRANTS Defendant Amazon's motion to dismiss as to Plaintiff's fraud claim against Defendant Amazon.

Because Plaintiff appears *pro se*, this Court liberally construes Plaintiff's claim that "Defendants violated his federally-registered copyrights" as a claim for copyright infringement. (Doc. No. 1, p. 5). The Court has reviewed Plaintiff's claim for copyright infringement and arguments regarding their dismissal in the briefs. In light of applicable law, the Court finds Plaintiff has sufficiently stated a plausible claim of copyright infringement against Defendant Amazon. Therefore, Defendant Amazon's Motion to Dismiss Plaintiff's copyright infringement claim is DENIED without prejudice. Defendant Amazon may reassert any applicable arguments regarding this claim at summary judgment.

Plaintiff's third and fourth "counts" against the Defendants for "amount in controversy" and "prayer for relief" are not cognizable causes of action, and therefore, are dismissed as to Defendant Amazon. (Doc. No. 1, p. 7). Within Plaintiff's complaint, Plaintiff mentions additional legal terms, including libel, "white collar/fraud of civil rights," tax fraud, "banking and/or loan fraud," computer and internet fraud, identity theft, and mail fraud. (Doc. No. 1, pp. 5 – 6). Plaintiff also seeks a declaration from this Court that "the Defendants have acted in violation of federal statutory law and the United States Constitution under the 8th and 14th Amendments." (Doc. No. 1, p. 7). To the extent any of these claims present a cognizable cause of action, Plaintiff's complaint has not shown "enough facts to state a claim to relief that is plausible on its face" for these allegations. Instead, Plaintiff's assertions of these claims appear to this Court to be "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" which the Supreme Court has held are insufficient to survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 678. Therefore, to the extent Plaintiff seeks to assert any of the above claims against Defendant Amazon, these claims are hereby dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant Amazon's motion to dismiss (Doc. No. 19) is GRANTED in part and DENIED in part. Defendant Amazon's Motion to Dismiss is GRANTED with prejudice as to Plaintiff's fraud claim against Defendant Amazon. Defendant Amazon's Motion to Dismiss is DENIED WITHOUT PREJUDICE as to Plaintiff's copyright infringement claim. To the extent Plaintiff's complaint alleges other claims against Defendant Amazon, they are DISMISSED, and the only remaining claim against Defendant Amazon in this matter is Plaintiff's copyright infringement claim. Because Defendant Thomas has not made a motion to dismiss pursuant to Rule 12(b)(6), <u>all of Plaintiff's claims against Defendant Thomas are still</u>

<u>intact</u>. The Clerk is respectfully instructed to mail a copy of this order both to Plaintiff and Defendant Thomas.

IT IS SO ORDERED.

Signed: May 14, 2019

Frank D. Whitney
Chief United States District Judge