# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:18-CV-00534-KDB-DSC

| | |
|---|---|
| ERNEST KING, <br><br> **Plaintiffs,** <br><br> v. <br><br> AMAZON CORPORATION <br> REGINA THOMAS, <br><br> **Defendants.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on *pro se* Plaintiff Ernest King's Motion for an Order Compelling Discovery (Doc. No. 55). In this action, Plaintiff seeks to impose copyright liability on Defendants Amazon Corporation ("Amazon") and Regina Thomas for publishing and distributing Plaintiff's book *From Brooklyn to the Grave* through CreateSpace, Amazon's self-publishing platform. Plaintiff alleges that Amazon and Thomas published his book without his permission and are unlawfully keeping the profits.

The Complaint in this action was filed on October 2, 2018 (Doc. No. 1). Prior to an answer being filed, Plaintiff filed a Motion for Discovery, Interrogatories and Request for Production of Documents, Request for Admission, and Request for Depositions Upon Written Questions (Doc. Nos. 10, 11, 12, 13). Magistrate Judge Cayer denied the requests as pre-mature (Doc. No. 14). Amazon and Defendant Thomas answered the Complaint on February 12, 2019 (Doc. No. 33) and February 20, 2019 (Doc. No. 34), respectively. However, there has apparently been no progress in discovery. King has not further served his discovery requests and Amazon and Thomas have not responded to King's initial requests.

1

On July 1, 2019, Amazon filed a Motion for Summary Judgment (Doc. No. 50). Plaintiff did not reply to Amazon's summary judgment motion by the response deadline and the Court issued a Roseboro Order on August 5, 2019 requiring him to respond or have the Court rule on the motion without his response. On September 10, 2019, Plaintiff filed this motion in which he asks the Court to deny Amazon's summary judgment motion and order Defendants to answer nine discovery requests prior to considering the motion.

Plaintiff is proceeding *pro se*. As such, this Court will liberally construe the procedural requirements of the Federal Rules of Civil Procedure to permit Plaintiff to pursue the merits of his claims. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]"). Thus, while the Magistrate Judge's initial denial of Plaintiff's discovery requests as premature was plainly correct, Plaintiff should be entitled to obtain discovery to the extent it is relevant and appropriate (as discussed below).

Accordingly, for good cause shown and in the interests of justice, the Court deems Plaintiff's discovery requests contained in his motion (Doc. No. 55) as having been re-served. However, Plaintiff's discovery requests are overbroad and must be limited to those within the scope of permissible discovery under Rule 26. While the Court would generally allow the parties to engage in consultation and discovery motion practice regarding the proper scope of Plaintiff's requests, for the sake of most efficiently moving this action forward, the Court will consider all the requests as having been objected to and insisted upon by the parties. Considering Plaintiff's requests liberally, the Court finds that Plaintiff's requests are proper to the extent they seek the following:

1. Any and all non-privileged documents relating to the copyright and sales of *From Brooklyn to the Grave*, including but not limited to Amazon's publication of that book and the dispute in this action;

2. Any and all records of communication between Amazon and Plaintiff or Amazon and Regina Thomas regarding *From Brooklyn to the Grave*;

3. Any written agreements made between Amazon and Plaintiff or Amazon and Regina Thomas regarding the selling of *From Brooklyn to the Grave*;

4. Any and all financial records reflecting sales, expenses, or any other financial details relating to Plaintiff's book *From Brooklyn to the Grave*;

5. Names of persons likely to have discoverable information relevant to Plaintiff's claim of copyright infringement; and

6. Any non-privileged documents relating to the copyright of *From Brooklyn to the Grave*.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for an Order Compelling Discovery is **granted in part** and **denied in part**;

2. Amazon and Thomas are ordered to produce the above listed documents on or before October 17, 2019, and give notice to the Court when the documents have been produced (Defendants should not, however, file the documents being produced with the Court); and

3. Pursuant to Rule 56(d), the Court temporarily stays its consideration of Amazon's summary judgment motion. Plaintiff is hereby ordered to respond to Amazon's summary judgment motion within 30 days of production of the above listed documents from Amazon and Thomas. If Plaintiff fails to respond in that time, the Court will proceed to consider Amazon's summary judgment motion in the absence of a response.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 17, 2019

Kenneth D. Bell
United States District Judge