# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00534-KDB-DSC

ERNEST KING,

    Plaintiff,

v().

REGINA THOMAS,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on its *sua sponte* inquiry into subject-matter jurisdiction following entry of Summary Judgment in this matter in favor of Defendant Amzon.com, Inc. ("Amazon"). After a careful review of Plaintiff Ernest King's ("Plaintiff") remaining claims against Defendant Regina Thomas ("Thomas"), the Court finds that it must dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

## I. RELEVANT BACKGROUND

Plaintiff filed a *pro se* complaint against Amazon and Thomas on October 2, 2018. In it he alleged (1) property flipping, (2) false documentation, (3) amount in controversy, and (4) prayer for relief. (Doc. No. 1). Plaintiff argues that "this court has jurisdiction of this action under local and long-arm statutes pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1332 of diversity jurisdiction."[1] *Id.* at 1.

Plaintiff contends that Thomas, who was acting as his agent at the time, published his book *From Brooklyn to the Grave* on Amazon's self-publishing website without his consent. Specifically, Plaintiff asserts that Thomas stole his book manuscript and unlawfully kept any

---

[1] The Court notes that 28 U.S.C. § 1391(a)(2) governs venue.

1

profits made from its sales. *Id.* at 3 ("Ms. Thomas, acting on behalf of Plaintiff—'supposedly'—defendant Thomas separated herself from Plaintiff King disappearing with his book manuscript and shortly thereafter began to reap the benefits of sells [sic]."). He asks for $1,000,000 in compensatory damages and another $1,000,000 in punitive damages. *Id.* at 8.

On December 4, 2018, Amazon filed a motion to dismiss for failure to state a claim. (Doc. No. 19). To assist in its ruling, the Court sent a Roseboro Order to Plaintiff ordering him to file supplemental briefings explaining how the Court has subject matter jurisdiction over his claims. (Doc. No. 44). Plaintiff responded in a document titled "Motion to Amend Supplemental Pleadings."[2] (Doc. No. 45). Liberally construing Plaintiff's complaint, the Court interpreted "property flipping" and "false documentation" as a cause of action for fraud, but then dismissed Plaintiff's fraud claim for lack of particularity. (Doc. 47, at 3-4). Plaintiff's claims for "amount in controversy" and "prayer for relief" were also dismissed. *Id.* at 5. The Court did find that Plaintiff asserted a copyright infringement claim by asserting that "Defendants violated his federally-registered copyrights." *Id.* at 4. The Court, however, explicitly stated that while these claims were dismissed against Amazon, the order did not affect any of Plaintiff's claims against Thomas. (Doc. No. 47, at 5) ("Because Defendant Thomas has not made a motion to dismiss pursuant to Rule 12(b)(6), all of Plaintiff's claims against Defendant Thomas are still intact.") (emphasis deleted).

Amazon filed a motion for summary judgment on July 1, 2019 asking the Court to grant summary judgment in its favor on Plaintiff's copyright infringement claim. (Doc. No. 50). The Court granted Amazon's motion on November 27, 2019. (Doc. No. 65). Thus, the only remaining claims in this action are those Plaintiff asserts against Thomas.

---

[2] While Plaintiff titled his response as a motion, it is clear from the substance of the document that it is a response to the Court's Roseboro Order sent on April 4, 2019.

## II. LEGAL STANDARD

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Indeed, subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (internal citations omitted); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

## III. DISCUSSION

"Federal subject matter jurisdiction exists if the plaintiff's civil action arises under federal law, *see* 28 U.S.C. § 1331 (2012), or if the amount in controversy exceeds $75,000 and the suit is between citizens of different states, *see* 28 U.S.C. § 1332(a)(1) (2012)." *Hughes v. Wells Fargo Bank, N.A.*, 617 Fed. Appx. 261, 263 (4th Cir. 2015). The burden to prove diversity jurisdiction rests with the party advocating for federal jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist."). If a district court determines at any time before final judgment that it lacks subject matter jurisdiction, it is bound to dismiss the case.

In reviewing Plaintiff's filing, the Court is mindful that *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Plaintiff's *pro se* status does not excuse his burden of proving subject matter jurisdiction. "Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for him or to rewrite otherwise deficient pleadings on his behalf in order to sustain an action." *Dexter v. Alabama*, No. 08-0427, 2008 WL 2941156, at * 1 n.1 (S.D. Ala. July 24, 2008).

**A. Federal question jurisdiction is lacking.**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Martin v. Lagualt*, 315 F. Supp. 2d 811 (E.D. Va. 2004) (applying the well-pleaded complaint rule in the context of a *pro se* complaint). "The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331 . . . ." *Lovern*, 190 F.3d at 654. A claim that is obviously without merit precludes a federal district court from exercising its jurisdiction. *Id.*; *see also Hagans v. Lavine*, 415 U.S. 528 (1974); *Davis v. Park*, 856 F.2d 648, 650 (4th Cir. 1988).

Even the most liberal reading of Plaintiff's allegations against Thomas would not produce claims "arising under federal law." Plaintiff's allegations resemble state tort claims, not federal claims. *See* (Doc. No. 1, at 3) ("Defendant Thomas in her scheme to steal Plaintiff's material and [sic] declined to inform Plaintiff about accepting any money deals in her deception."); (Doc. No.

1, at 3) ("*From Brooklyn to the Grave* is stolen property."); (Doc. No. 1, at 4) ("Defendant Thomas never informed Plaintiff regarding book sell's [sic] or the accepting money deals on his behalf. Nor did Plaintiff give Defendant Thomas power of attorney over his book."); (Doc. No. 1, at 5) (alleging property fraud schemes committed by Thomas for "artificially inflat[ing] the book sales" and "keeping all proceeds of the book a secret"); (Doc. No. 1, at 7) ("Defendants has [sic] committed a tortious act within the state."); (Doc. No. 45) (citing to various North Carolina statutes when discussing his claims against Thomas).

At most, Plaintiff may have alleged copyright infringement against Thomas; however, in his Complaint he admits that Thomas was his agent and looking for a publisher on his behalf when she self-published the book through Amazon. (Doc. No. 1, at 2) ("Defendant Regina Thomas, form[er]ly Regina Fields, once in a relationship with Plaintiff during the initiating events—was acting as an agent on Plaintiff's behalf in publishing his book—assisted in the editing and finding a publisher for his book: *From Brooklyn to the Grave*."); (Doc. No. 1, at 3) (stating that Thomas "was at that time assisting him in editing and finding a publisher for marketing."). Plaintiff also submitted the "Certificate of Registration" for his copyright, which lists Thomas as the "Person to Contact for Rights and Permissions." (Doc. No. 23-1, Ex. A, at 1). A person authorized by the copyright owner to publish his or her work, is not an infringer of the copyright. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) ("[A]nyone who is authorized by the copyright owner to use the copyrighted work in a way specified in [17 U.S.C. § 101 *et seq.*] or who makes a fair use of the work is not an infringer of the copyright with respect to such use."). Thus, even if the Court could construe a copyright infringement claim against Thomas, such a claim would be without merit based on Plaintiff's admission that Thomas was his agent.

### B. Diversity of citizenship jurisdiction is lacking.

"Additionally, federal courts possess original subject matter jurisdiction over all civil actions, including solely state law claims, when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties' citizenship is completely diverse." *Dinkins v. Region*, 289 F. Supp. 3d 756, 759 (W.D. Va. 2018) (citing to 28 U.S.C. § 1332 and *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Generally, the amount claimed by the plaintiff controls the amount in controversy determination. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . , the suit will be dismissed." *Id.* at 288; *see also Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (citing to *St. Paul Mercury Indem. Co.*, 303 U.S. 283, when discussing the amount in controversy requirement); *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957) ("[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction.").

Plaintiff alleges in his Complaint that this Court has diversity jurisdiction over his claims. (Doc. No. 1, at 1). However, Plaintiff has failed to show he has met the amount in controversy requirement. While Plaintiff asks for $1,000,000 in compensatory damages and another $1,000,000 in punitive damages, he has provided no factual basis or explanation for this amount. In fact, Plaintiff's book only sold seventeen copies while published on Amazon and resulted in only $32.13 in royalties. (Doc. No. 27, Ex. B & Ex. C). His assertion that he should recover $2,000,000 for failure to pay $32.13 is frivolous and without legal merit. *See Smith v. Bank of Am.*, No. 3:19-cv-72, 2019 WL 1558701, at *2 (W.D.N.C. Apr. 10, 2019) ("The Court cannot conclude

under these circumstances [where the defendant has failed to explain the measure of damages] that Plaintiff's claim for $8,000,000 bears any relation to the damages she actually incurred or was made in good faith."); *Swearington v. G6 Hosp., LLC*, No. 3:14-cv-387, 2014 WL 5454320, at *2 (W.D.N.C. Oct. 27, 2014) ("Here, it is apparent that Plaintiff cannot recover $1,000,000 based on his claims for fraud, bad faith, and blameworthiness. His assertion that he should recover $1,000,000 for Defendant's failure to pay $810 is frivolous and without legal merit. Accordingly, this Court finds that Plaintiff has failed to satisfy the requirement that the amount in controversy is in excess of $75,000 and therefore his complaint will be dismissed for lack of jurisdiction."). Plaintiff has failed to satisfy the requirement under 28 U.S.C. § 1332(a) that the amount in controversy exceed $75,000 with respect to his claims against Thomas.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (Doc. No. 1) be **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Signed: December 12, 2019

Kenneth D. Bell
United States District Judge